# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br><br>COUNTY OF GREENVILLE )<br><br>Mary Clowney as Guardian Ad Litem for Syvolia Owens,<br><br>                      Plaintiff(s)<br><br>             vs.<br><br>Hunt Valley Holdings, LLC a/k/a Hunt Valley Holdings, f/k/a Fundamental Long Term Care Holdings, LLC; Fundamental Clinical Consulting, LLC; Fundamental Clinical and Operational Services, LLC; Fundamental Administrative Services, LLC; THI Baltimore, Inc.; THI of South Carolina, LLC; THI of South Carolina at Magnolia Place at Greenville, LLC d/b/a Magnolia Place of Greenville a/k/a Magnolia Place-Greenville, Inc.; Murray Forman and Rusty Flathmann,<br><br>                      Defendant(s) | IN THE COURT OF COMMON PLEAS<br><br>CIVIL ACTION COVERSHEET<br><br>2016-CP - 23- 00079 |

Submitted By: Matthew W. Christian
Address: P.O. Box 332, Greenville, SC 29602

| | |
|---|---|
| SC Bar #: | 70516 |
| Telephone #: | 864-232-7363 |
| Fax #: | 864-370-3731 |
| Other: | |
| E-mail: | mchristian@christiananddavis.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*

*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.     ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☒ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 2015-NI-23-2331 | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | | ☐ Other (999) |
| | | ☐ Other (799) | |

SCCA / 234 (01/2010)                                          Page 1 of 3

☐    Other (699)                  ☐    Motion to Quash Subpoena in
                                         an Out-of-County Action (660)
                                    ☐    Sexual Predator (510)

**Submitting Party Signature:** _____        **Date:** 1-6-16

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous
Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**      **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF GREENVILLE ) C.A. No.: 2016-CP-23-000079
)
Mary Clowney as Guardian Ad Litem )
for Syvolia Owens, )
)
Plaintiff, ) **SUMMONS**
) **(Jury Trial Demanded)**
v. )
)
Hunt Valley Holdings, LLC a/k/a Hunt )
Valley Holdings f/k/a Fundamental )
Long Term Care Holdings, LLC; )
Fundamental Clinical Consulting, )
LLC; Fundamental Clinical and )
Operational Services, LLC; )
Fundamental Administrative Services, )
LLC; THI Baltimore, Inc.; THI of )
South Carolina, LLC; THI of South )
Carolina at Magnolia Place at )
Greenville, LLC d/b/a Magnolia Place )
of Greenville a/k/a Magnolia Place- )
Greenville, Inc.; Murray Forman and )
Rusty Flathmann, )
)
Defendant(s). )
_____ )
)

TO THE DEFENDANT(S) ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint

herein, a copy of which is herewith served upon you, and to serve a copy of your Answer

to the said Plaintiff upon the subscriber, at his office at 1007 East Washington Street,

Greenville, South Carolina, within thirty (30) days after the service hereof, exclusive of

the day of such service, and if you fail to answer the Complaint within the time aforesaid,

judgment by default will be rendered against you for the relief demanded in the

Complaint.

CHRISTIAN & DAVIS
Attorneys at Law
Post Office Box 332
Greenville, South Carolina 29602
(864) 232-7363


Matthew W. Christian
Attorney for Plaintiff
S.C. Bar No.: 70516

Greenville, South Carolina
Date: _____, 2016

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF GREENVILLE ) C.A. No.: 2016-CP-23- 00079

Mary Clowney as Guardian Ad Litem
for Syvolia Owens,

      Plaintiff,

v.

Hunt Valley Holdings, LLC a/k/a Hunt
Valley Holdings f/k/a Fundamental
Long Term Care Holdings, LLC;
Fundamental Clinical Consulting,
LLC; Fundamental Clinical and
Operational Services, LLC;
Fundamental Administrative Services,
LLC; THI of Baltimore, Inc.; THI of
South Carolina, LLC; THI of South
Carolina at Magnolia Place at
Greenville, LLC d/b/a Magnolia Place
of Greenville a/k/a Magnolia Place-
Greenville, Inc.; Murray Forman and
Rusty Flathmann,

      Defendant(s).

**COMPLAINT**
**(Jury Trial Demanded)**

That the Plaintiff, above named, complaining of the Defendants herein would show this Honorable Court the following:

    1. That the Plaintiff Syvolia Owens is a citizen and resident of Greenville County, South Carolina. That Mary Clowney is a citizen and resident of Greenville County, South Carolina. At all times relevant herein, Mary Clowney is and was the daughter of Syvolia Owens (hereinafter "Syvolia Owens") and is the duly appointed Guardian Ad Litem of Syvolia Owens and brings this action in that capacity on her behalf.

1

2.      Hunt Valley Holdings, LLC a/k/a Hunt Valley Holdings f/k/a Fundamental Long Term Care Holdings, LLC, is a business organized and existing under the laws of the State of Delaware. This Defendant owns and/or leases property, advertises, maintains agents, and transacts business, deriving substantial revenue therefrom, in Greenville County, South Carolina, both through its individual actions and through those of its subsidiaries. Hunt Valley Holdings is the successor in interest and/or new name for Fundamental Long Term Care Holdings, LLC as of 2014. Upon information and belief, Hunt Valley Holdings assumed the assets and liabilities of Fundamental Long Term Care Holdings. These entities shall hereinafter be collectively referred to as "FLTCH". Upon information and belief, FLTCH is an entity related to and engaged in the operation and management of THI of South Carolina at Magnolia Place at Greenville, LLC d/b/a Magnolia Place of Greenville a/k/a Magnolia Place-Greenville, Inc. (hereinafter "Magnolia Place") either directly or through its subsidiaries and agents. Furthermore, at all times relevant herein, FLTCH is and was under the ownership of Leonard Grunstein and Murray Forman, who each hold a 50% ownership stake in FLTCH and direct and control the actions of FLTCH. Upon information and belief, Fundamental Clinical Consulting, LLC, Fundamental Administrative Services, LLC, Fundamental Clinical and Operational Services, LLC, THI of Baltimore, Inc., THI of South Carolina, LLC and Magnolia Place are all subsidiaries, agents, and/or servants of FLTCH. At all times relevant herein, agents, employees, servants and apparent agents of Fundamental Clinical Consulting, LLC, Fundamental Administrative Services, LLC, Fundamental Clinical and Operational Services, LLC, THI of Baltimore, Inc., THI of South Carolina, LLC and Magnolia Place acted on behalf of themselves and on behalf of

2

FLTCH. Furthermore, at all times relevant herein, agents, employees, servants and apparent agents of FLTCH acted on behalf of themselves and on behalf of FLTCH, Murray Forman and Leonard Grunstein.

3.     That, upon information and belief, the Defendant, Murray Forman (hereinafter "Forman") is a citizen and resident of Queens County, New York. At all times relevant herein, Forman holds or held a direct or indirect ownership interest in FLTCH and exercises direction and control over its operations and/or fiscal decisions. Additionally, upon information and belief, Forman holds or held direct or indirect ownership interests, and/or management/member interests and rights in one or more of the following corporations: Fundamental Clinical Consulting, LLC, Fundamental Administrative Services, LLC, Fundamental Clinical and Operational Services, LLC, THI of Baltimore, Inc., THI Holdings, LLC, THI of South Carolina, LLC and Magnolia Place. Forman has been involved in directing operations and/or management of one or more of these companies, all of which are involved in the management and operation of Magnolia Place. At all times relevant herein, Forman acted on behalf of himself and on behalf of FLTCH, Fundamental Clinical Consulting, LLC, Fundamental Administrative Services, LLC, Fundamental Clinical and Operational Services, LLC, THI of Baltimore, Inc., THI of South Carolina, LLC, and Magnolia Place. That this Court further has jurisdiction over Forman by virtue of his transacting business in Greenville County, South Carolina, owning and/or leasing property directly or indirectly in Greenville County, South Carolina, maintaining agents and employees in Greenville County, South Carolina, and committing tortious acts both outside and inside South Carolina causing injury to the Plaintiff in Greenville County.

4.    That the Defendant Fundamental Clinical Consulting, LLC (hereinafter "Fundamental Clinical") is a business organized and existing under the laws of the State of Delaware which regularly conducts and transacts business in Greenville County, South Carolina by employing physicians, nurses, dietary, therapy, administrative, nursing aide, and other related staff to provide health care services to patients and which represented itself to the Plaintiff and to the public at large as being highly capable and skilled in providing clinical care services to the residents of skilled nursing healthcare centers such as Syvolia Owens.  This defendant owns and/or leases property, advertises, maintains agents, and transacts business, deriving substantial revenue therefrom, in Greenville County, South Carolina, both through its individual actions and through its affiliates and/or subsidiaries.  At all times relevant herein, Fundamental Clinical was and is a wholly owned subsidiary of FLTCH and provided clinical providers, therapy services, and clinical oversight on behalf of Magnolia Place.  Fundamental Clinical was formerly known as Baltimore Management, LLC.   Fundamental Clinical's operations were controlled, managed, and directed by THI of Baltimore, Inc., and FLTCH.  Fundamental Clinical used its position to control and direct operations of Fundamental Administrative Services, LLC.  At all times relevant herein, Fundamental Clinical acted on behalf of itself and on behalf of Fundamental Clinical, THI of Baltimore, LLC, Fundamental Administrative Services, LLC, and FLTCH.  That this Court further has jurisdiction over Fundamental Clinical by virtue of it transacting business in Greenville County, South Carolina, owning and/or leasing property directly or indirectly in Greenville County, South Carolina, maintaining agents and employees in Greenville County, South Carolina,

4

and committing tortious acts both outside and inside South Carolina causing injury to the Plaintiff in Greenville County.

5.     That the Defendant Fundamental Administrative Services, LLC (hereinafter "FAS") is a business organized and existing under the laws of the State of Delaware providing payroll, general accounting, accounts payable, accounts receivable, nursing home management and administration, direction, operation and purchasing services as well as oversight in the hiring and firing of suppliers and vendors for FLTCH, Fundamental Clinical, THI of South Carolina, LLC and Magnolia Place and its subsidiary facilities and which represents itself to contracting agencies and to the public at large as being highly capable and skilled in providing oversight, management and administration for nursing home and rehabilitation facilities such as those operated Magnolia Place. This Defendant, through its provision of services, maintains agents and transacts business, deriving substantial revenue therefrom, in Greenville County, South Carolina. This Defendant is a wholly owned subsidiary of THI of Baltimore, LLC and/or Fundamental Clinical.   FLTCH, THI of Baltimore, Inc., Fundamental Clinical, and Murray Forman used their positions of management and control to direct the actions of FAS.  Upon information and belief, through its individual actions and in concert with its affiliates, parent corporations and subsidiaries, this company engaged in oversight, management, direction and operation of nursing home facilities in Greenville County, South Carolina, deriving substantial revenue therefrom.   At all times relevant herein, employees, servants, and apparent agents of FAS acted on behalf of themselves and on behalf of FAS, FLTCH, Murray Forman, THI of Baltimore, Inc., and Fundamental Clinical. That this Court further has jurisdiction over FAS by virtue of it transacting

5

business in Greenville County, South Carolina, owning and/or leasing property directly or indirectly in Greenville County, South Carolina, maintaining agents and employees in Greenville County, South Carolina, and committing tortious acts both outside and inside South Carolina causing injury to the Plaintiff in Greenville County.

6.    That the Defendant Fundamental Clinical and Operational Services, LLC (hereinafter "FCOS") is a business organized and existing under the laws of the State of Delaware providing clinical services to nursing home facilities by employing physicians, nurses, dietary, therapy, administrative, nursing aide, and other related staff to provide health services to patients and who represented itself to the Plaintiff and the public at large as being highly skilled in providing clinical consulting services to skilled nursing healthcare centers and to the residents of such skilled nursing healthcare centers such as Syvolia Owens.   This defendant owns property, advertises, maintains agents, and/or transacts business, deriving substantial revenue therefrom in Greenville County, South Carolina, both through its individual actions and through its affiliates and subsidiaries. At all times relevant herein FCOS was and is a wholly owned subsidiary of FLTCH, THI of Baltimore, Inc., Fundamental Clinical, or FAS and provided nursing, dietary, therapeutic, administrative, and other related services on behalf of Magnolia Place.  The acts of FCOS were directed by one or more of the above named parent and/or affiliated companies.  Furthermore, at all times relevant herein, agents, employees, servants and apparent agents of FCOS acted on behalf of themselves and on behalf of FCOS, and FCOS acted on behalf of Magnolia Place, THI of South Carolina, LLC, THI of Baltimore, Inc., FLTCH, and Murray Forman. That this Court further has jurisdiction over FCOS  by virtue of it transacting business in Greenville County, South Carolina,

6

owning and/or leasing property directly or indirectly in Greenville County, South Carolina, maintaining agents and employees in Greenville County, South Carolina, and committing tortious acts both outside and inside South Carolina causing injury to the Plaintiff in Greenville County.

7.    That the Defendant THI of Baltimore, Inc. (hereinafter "THI Baltimore"), is a business organized and existing under the laws of the State of Delaware which regularly conducts and transacts business in Greenville County, South Carolina. At all times relevant herein, this Defendant was and is a business that employs and/or contracts for the employment of physicians, nurses, and related staff to provide healthcare services to patients and operates nursing home facilities in the State of South Carolina. This business holds itself out as being capable and highly skilled in providing physician services, nursing services, long term care, and rehabilitative services to the public at large and to persons such as Syvolia Owens. This Defendant owns and/or leases property, advertises, maintains agents, and transacts business deriving substantial revenue therefrom, in Greenville County, South Carolina, both through its individual actions and in concert with its subsidiaries, successors, affiliates and/or assigns, whether entities or individuals. At all times relevant herein, agents, employees, servants and apparent agents of THI Baltimore, FAS, Fundamental Clinical, and THI of South Carolina, LLC, and Magnolia Place acted on behalf of themselves and on behalf of THI Baltimore. Furthermore, at all times relevant herein, THI Baltimore acted on behalf of itself and on behalf of FLTCH, FAS, and Murray Forman. That this Court further has jurisdiction over THI Baltimore by virtue of it transacting business in Greenville County, South Carolina, owning and/or leasing property directly or indirectly in Greenville County, South

Carolina, maintaining agents and employees in Greenville County, South Carolina, and committing tortious acts both outside and inside South Carolina causing injury to the Plaintiff in Greenville County.

8.      That the Defendant Magnolia Place is a business organized and existing under the laws of the State of Delaware, who, upon information and belief, is authorized to conduct and transact business in South Carolina and who does indeed conduct and transact business in Greenville County, South Carolina through its operation of the skilled nursing facility located in Greenville County. More specifically, this Defendant conducts and transacts business in Greenville County, South Carolina by employing physicians, nurses and related staff to provide health care services to patients and which represented itself to the Plaintiff and the public at large as being highly capable and skilled in providing nursing home and physician services and operated nursing home and rehabilitation facilities for persons such as Syvolia Owens. Defendant Magnolia Place is an affiliate or subsidiary of THI of South Carolina, LLC, FAS, FCOS, Fundamental Clinical, THI Baltimore, and FLTCH. At all times relevant herein Magnolia Place has acted on behalf of itself or as agent for or on behalf of THI Baltimore, FAS, FLTCH, THI of South Carolina, LLC, Fundamental Clinical, FCOS, and Murray Forman. Also at all times relevant herein, agents, employees, servants and apparent agents of Magnolia Place acted on behalf of themselves and on behalf of Magnolia Place.

9.      That Defendant THI of South Carolina, LLC, (hereinafter "THI SC"), is a business organized and existing under the laws of the State of Delaware and who is authorized to conduct and transact business in South Carolina. This Defendant conducts business in Greenville County, South Carolina by employing physicians, nurses, and

related staff to provide health care services to patients. This Defendant either directly or indirectly was involved with the management and operations of Magnolia Place, or, in the alternative was a holding company. This Defendant acted at all times relevant herein at the direction and control of FLTCH, FAS, FCOS, Fundamental Clinical, THI Baltimore, and Murray Forman, and acted as their agent. Agents and employees of THI SC acted on behalf of themselves and on behalf of THI SC.

10.    That Defendant Rusty Flathmann is a citizen and resident of South Carolina and was at all times relevant herein an agent, servant, or employee of one or more of the Defendants FLTCH, FAS, FCOS, Fundamental Clinical, THI Baltimore, and Murray Forman. That Defendant Rusty Flathmann, (hereinafter "Flathmann") is and was a member of and/or head of the governing body of Magnolia Place and as such was charged by law with certain management and operational responsibilities. That further upon information and belief, Flathmann is and was Regional Director of Operations for one or more of the Defendants.

11.    That the Defendants FLTCH, Murray Forman, Fundamental Clinical, FAS, FCOS, THI Baltimore, THI SC, Magnolia Place, and Rusty Flathmann shall hereinafter be collectively referred to as "Nursing Home Defendants".

12.    That the Nursing Home Defendants collectively were aware of failures to provide adequate care as described both above and below and were aware of residents such as Syvolia Owens and knew that the failures that existed at the facility resulted from the decisions made by the Nursing Home Defendants to purposefully under-staff and underfund the facility in a way that would maximize corporate profits for the Nursing Home Defendants rather than to provide adequate and proper care to residents such as

9

Syvolia Owens. Furthermore, the acts, omissions, and decisions of the Nursing Home Defendants directly affected resident care such as that of Syvolia Owens and directly caused her injuries. That further all of the Nursing Home Defendants, even those aside from the licensee, used their position to directly or indirectly control or manage the budget, staff, and level of care at the facility which directly affected and caused injury to Syvolia Owens. These Defendants acted as each other's alter ego, acted in a joint enterprise, acted in a common business purpose, and with an amalgamation of interest. Further, these Defendants are each directly liable for their own acts of negligence. The acts of the Nursing Home Defendants were negligent, willful, wanton, grossly negligent, and in reckless disregard of the safety and wellbeing of patients such as Syvolia Owens.

## SUMMARY OF FACTS

13.     Syvolia Owens was a resident of Magnolia Place in March, 2012.

14.     That as a result of Syvolia Owens' past medical history and her conditions, it was known that Syvolia Owens was a fall risk.

15.     That despite Syvolia Owens being at risk for falls, the Defendants failed to take adequate precautions to prevent falls. That as a result, Syvolia Owens suffered from multiple falls during her admission. That furthermore, during her admission, she suffered with skin breakdown, bedsores, and pressure ulcers which were otherwise preventable.

16.     On or about March 16, 2012, the nurse's notes reflect that "CNA changing resident-open area noted to coccyx...". This wound continued to deteriorate.

17.     That on March 19, 2012, at 5:15 p.m., the nurse's notes reflect that "charge nurse completed body audit at this time with no noted bruises, bumps, or skin

tears." An addendum to the nurse's notes at 6:00 p.m. states "charge nurse notified by resident's roommate that incident occurred…".

18.    A "follow-up report" from March 19, 2012, states that the resident had a "questionable fall during transferring back to bed" and "fall on 3-19-12 at 10:30 p.m.".

19.    The follow-up report goes on to state at 2:30 a.m. on March 20, 2012 "no apparent injury from fall on 3-19-12. Resident complained of right leg pain at 9:00 p.m. Lortab 5-500 mg. po given."

20.    On March 20, 2012, at 9:15 a.m. the nurse's notes reflect that Syvolia Owens was complaining of pain and swelling in her hips, femur, and pelvis. The notes further reflect "resident yelling during ADL care" and that pain medication was given. At 10:25 a.m. on March 20, 2012, the nurse's requested an x-ray for Syvolia Owens which had been ordered over an hour prior to this time. The mobile x-ray was performed at 12:30 p.m. and the nurse's notes state "resident yelling during x-rays and repositioning." At 2:00 p.m. on March 20, 2012, Syvolia Owens was finally transferred to Greenville Memorial Hospital Emergency Room.

21.    The hospital records of March 20, 2012 state that Syvolia Owens "was being moved out of her bed into her chair with what sounds like a Hoyer lift, when, per the witness, the nurse slipped and knocked the lift over carrying the patient, and the patient fell approximately 3-4 feet on her left hip. She immediately began to moan of left hip pain whenever she was trying to move after this."

22.    At the hospital, it was determined that she had a left intratrochanteric fracture of the left hip.

23.   She subsequently underwent surgical repair of the hip during her hospitalization and unfortunately had subsequent complications during the hospitalization.

24.   As a direct and proximate result of the Nursing Home Defendants' negligence, carelessness, recklessness, gross negligence, and wantonness, Syvolia Owens has suffered and will in the future continue to suffer the following injuries and damages:

     a.   Injuries about her body;

     b.   Fractured hip and leg;

     c.   Bedsores, skin breakdown and pressure ulcers;

     d.   Hospitalization;

     e.   Underwent medical procedures and surgical procedures which she would not have otherwise had to undergo;

     f.   Pain, suffering, and stress, and mental anguish;

     g.   Loss of enjoyment of life;

     h.   Unresponsiveness and altered mental status;

     i.   Decreased level of cognition, health, and consciousness;

     j.   Loss of dignity;

     k.   Loss of range of motion and mobility;

     l.   Medical expenses; and

     m.   In such other and further ways as discovery and trial shall prove.

## FOR A FIRST CAUSE OF ACTION
**(Ordinary Negligence as to Nursing Home Defendants)**

25.    Plaintiff restates and re-alleges each paragraph previously plead as if repeated verbatim.

26.    Defendants were negligent careless, reckless, grossly negligent, willful and wanton in failing to provide ordinary and basic care in the following particulars:

a.    In failing to properly transfer and/or assist with transfers;

b.    In failing to adequately and appropriately turn and reposition Ms. Owens;

c.    In failing to provide a safe and clean environment; and

d.    In failing to provide the most basic care which does not require medical training or education, but is care that, if not provided, will lead to suffering and decline in health as it did in the case at hand.

27.    As a direct and proximate result of the Defendants' acts and/or omissions, Plaintiff Syvolia Owens suffered injuries and damages as set forth herein above.

## FOR A SECOND CAUSE OF ACTION
### (Negligence as to Nursing Home Defendants)

28.    Plaintiff restates and re-alleges each paragraph previously plead as if repeated verbatim.

29.    Defendants were negligent, careless, reckless, grossly negligent, willful and wanton and fell below the applicable standard of care in the following particulars:

a.    In failing to provide adequate staffing, adequately paid staff, and adequately trained staff at their facilities to care for residents such as Syvolia Owens, with the full knowledge that such inadequate staffing practices would place patients such as Syvolia Owens at risk;

b.    In negligently hiring, retaining, and supervising staff at Defendants' facility;

13

c.  In failing to provide proper, comprehensive, and timely assessments and evaluation outlining all risk factors for Syvolia Owens and in failing to properly design, adhere to, or modify an appropriate plan of care;

d.  In failing to timely and appropriately monitor Syvolia Owens' nutritional and hydrational status;

e.  In recognizing, but then failing to implement proper preventative measures to counteract Syvolia Owens' risk for skin breakdown;

f.  In failing to prevent the development of and deterioration of pressure ulcers;

g.  In failing to properly prevent contractures;

h.  In failing to provide proper skincare, both to prevent bedsores or pressure ulcers and to manage bedsores or pressure ulcers once they occurred;

i.  In failing to properly monitor, evaluate and treat Syvolia Owens' skin conditions and skin wounds and in failing to timely notify her physicians and family about such wounds and/or ulcers;

j.  In failing to properly assess and appreciate the severity of her wounds and ulcers;

k.  In failing to have in place and follow an adequate skin management protocol to address bedsores or pressure ulcers;

l.  In failing to provide and implement proper and updated care plans that would adequately meet Syvolia Owens' needs, including her risk for malnutrition and dehydration, risk for developing bedsores/pressure ulcers, decubitus ulcers, risk for worsening of bedsores/pressure

14

ulcers/decubitus ulcers, risk for contractures, risk for infections, risk for alteration of mental status, risk for falls, risk for renal failure, and other risks which Syvolia Owens encountered while a patient at Defendants' facility;

m. In failing to have and/or implement adequate and effective policies, procedures, staff, and equipment to adequately monitor, supervise and treat Syvolia Owens;

n. In failing to follow and comply with Defendants' own policies and procedures directed at the care and treatment of patients;

o. In failing to timely and appropriately recognize, diagnose, and treat pressure ulcers, bedsores or pressure ulcers;

p. In failing to timely and appropriately recognize, diagnose and treat a worsening of the condition of pressure ulcers, bedsores, or decubitus ulcers;

q. In failing to provide services and activities to attain or maintain the highest practical physical, mental, and psycho-social well being of Syvolia Owens in accordance with a written plan of care;

r. In failing to accurately, truthfully, and completely record Syvolia Owens' conditions and treatments in her medical records;

s. In failing to consult a physician in a timely manner;

t. In failing to properly follow the care plan;

u. In failing to appropriately and properly act upon Syvolia Owens' obvious decline of condition;

v.  In failing to recognize or act upon Syvolia Owens' change of condition;

w.  In failing to respond to Syvolia Owens' needs timely so as to prevent falls;

x.  In failing to have and/or follow proper fall protocol and procedures and interventions to prevent falls;

y.  In failing to have and/or follow proper transfer protocol, policies, and procedures to prevent dropping Syvolia Owens in transfers;

z.  In negligently transferring Syvolia Owens;

aa. In failing to monitor Syvolia Owens and/or prevent falls;

bb. In failing to properly and timely evaluate and treat Syvolia Owens after her falls;

cc. In failing to timely obtain appropriate and necessary consults for Syvolia Owens;

dd. In failing to order the provision of services and activities or obtain or maintain the highest practical, physical, mental, and psycho-social well-being of Syvolia Owens in accordance with a written plan of care;

ee. In failing to properly staff, fund, operate and manage the facility to the extent that resident care was affected and caused injuries to Syvolia Owens;

ff. In negligently administering, operating, and managing the Defendants' nursing home;

gg. In failing to comply with the applicable Federal and State Statutes and Regulations designed to protect persons such as Syvolia Owens;

hh. In failing to act and provide care as a reasonably prudent nursing home

would do under the same or similar circumstances; and

ii. In such other and further ways as Discovery and Trial shall prove.

30.      As a direct and proximate result of the Defendants' acts and/or omissions,

Plaintiff Syvolia Owens, suffered injuries and damages as set forth hereinabove.

## FOR A THIRD CAUSE OF ACTION
### Corporate Negligence as to Nursing Home Defendants)

31.    Plaintiff restates and re-alleges each paragraph previously plead as if

repeated verbatim.

32.    Nursing Home Defendants, in particular, Defendants FLTCH, Murray

Foreman, Fundamental Clinical, FAS, FCOS, THI Baltimore, THISC and Rusty

Flathmann, individually and collectively, owed a duty to not place corporate profits over

patient care.   That further, these Defendants owed a duty to patients such as Syvolia

Owens to reasonably and adequately fund, staff, operate, and manage the skilled nursing

facility where Syvolia Owens resided and to not siphon assets and profits for their own

personal use to the extent that it negatively affected patient/resident care and caused

injury.

33.    That these Defendants were negligent, careless, reckless, grossly

negligent, willful, and wanton in the following particulars:

a.    In failing to adequately and properly fund and staff the facility;

b.    In failing to provide adequate supplies and materials to provide

necessary and appropriate resident/patient care;

c.    In placing corporate and individual profits over resident/patient care;

d.  In failing to retain necessary funds and finances in the facility or directed for resident/patient care;

e.  In improperly and inadequately managing, administering, operating, and controlling the facility to the extent that resident/patient care was affected and Syvolia Owens suffered injuries;

f.  In failing to operate the skilled nursing facility as a reasonably prudent nursing home facility would do in the same or similar circumstances;

g.  In siphoning assets and financial resources from the skilled nursing facility to the extent that patient/resident care was negatively affected and caused injuries to patient/resident such as Syvolia Owens;

h.  In failing to implement, have and follow necessary policies and procedures; and

i.  In such other and further ways as discovery and trial shall prove.

34.    As a direct and proximate result of the Defendants actions and/or omissions, Plaintiff Syvolia Owens suffered injuries and damages as set forth above.

### FOR A FOURTH CAUSE OF ACTION
#### (Negligence *per se* as to Nursing Home Defendants)

35.    Plaintiff restates and re-alleges each paragraph previously plead as if repeated verbatim.

36.    The conduct of the Defendants is governed by The Adult Protection Act of South Carolina Code §43-35-5, *et seq*, The Bill of Rights for Residents of Long Term Care Facilities at South Carolina Code §44-81-10, *et seq*, South Carolina Department of Health and Environmental Control Regulations at Regulation 61-17, *et seq*, as well as

similar protective Federal Regulations and Statutes by 42 U.S.C. §1396(r), *et seq*, and 42 C.F.R. §483, *et seq.*

37.    The Statutes and Regulations set out above were enacted for the benefit and protection of a class of the public, of which Syvolia Owens was a member at all times relevant to this action. The Defendants violated these Statutes and Regulations in their failure to properly care for Syvolia Owens and other similarly situated patients at their facility.

38.    As a direct and proximate result of the violation of these Statutes and Regulations by the Defendants, which constitutes negligence *per se*, Syvolia Owens suffered injuries and damages as set forth above.

### FOR A FIFTH CAUSE OF ACTION
### (Negligent Misrepresentation as to Nursing Home Defendants)

39.    Plaintiff restates and re-alleges each paragraph previously plead as if repeated verbatim.

40.    Prior to, around the time of Syvolia Owens' admission to the Defendant's facility, and at the time of Syvolia Owens sustained injuries at Defendant's facilities, agents of the facility made untrue statements to Syvolia Owens and to her family and/or representatives about the quality of care that Syvolia Owens would receive at the Defendants' facility, where such statements were intended by those making them to be relied upon by Syvolia Owens, her family and/or representatives and upon which they did rely.

41.    The Defendants represented to Syvolia Owens and to family and/or representatives that he would receive appropriate care within the professional standards of care, that the facility had adequate staffing and adequate funding, that Syvolia Owens

would be carefully monitored, that Syvolia Owens would receive adequate nutrition, hydration, therapies, and preventative interventions, that Syvolia Owens would be safe and secure, and that problems or insufficiencies that Defendants' facility may have had in the past had been corrected.

42.    These statements were untrue and were intended to be relied upon by Syvolia Owens and her family and/or representatives and upon them they did rely in choosing to admit Syvolia Owens to the facility.

43.    These representations were careless, negligent, grossly negligent, reckless, willful and wanton in that the Defendants knew or should have known they would not be able to meet these representations for Syvolia Owens and in failing to meet these representations for Syvolia Owens.

44.    As a direct and proximate result of these Defendants' misrepresentations, Syvolia Owens suffered injuries and damages as set forth above.

## FOR A SIXTH CAUSE OF ACTION
### (Civil Conspiracy as to Nursing Home Defendants)

45.    Plaintiff restates and re-alleges each paragraph previously plead as if repeated verbatim.

46.    The Defendants deliberately and knowingly participated in civil conspiracy in that they agreed and conspired to provide inadequate care in order to maximize profits over patient care.  Moreover, the Defendants have demonstrated consciousness of their actions and conspiracy in taking calculated and elaborate steps to obscure the true ownership of the corporations held which hold control of the facility and

hide their involvement.  The wrongful acts identified hereinabove were carried out by the Defendants pursuant to the conspiracy and for this they are jointly and severally liable.

47.    As a direct and proximate result of the conspiracy as alleged herein, Syvolia Owens suffered the following special damages:

    a.  Loss of dignity;

    b.  Mental anguish;

    c.  Pain, suffering, humiliation;

    d.  Injuries to her body;

    e.  Infections;

    f.  Compromise to muscular system, tendons, and skeletal system;

    g.  Compromise to mental status;

    h.  Severe physical injury and other damages as outlined hereinabove;

    i.  Have incurred legal fees and costs; and

    j.  In such other and further ways as Discovery and Trial shall prove.

48.    As a further direct and proximate result of the conspiracy alleged herein, Syvolia Owens, her Personal Representative and the other statutory beneficiaries of Syvolia Owens have suffered and will in the future continue to suffer the following special damages:

    a.  Mental, emotional, and psychological distress over witnessing the suffering to which Syvolia Owens was subjected;

    b.  The decline and ultimate demise of their beloved friend and family member;

    c.  Have incurred legal fees and costs; and

d.   In such other and further ways as Discovery and Trial shall prove.

49.    As a result, Plaintiff is entitled to an award of actual, special and punitive damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff prays for judgment against all Defendants in the following particulars:

a.   For actual, punitive and special damages in an amount to be determined by the trier of fact;

b.   For the costs and disbursements of this action;

c.   For the attorneys' fees and costs; and

d.   For such other and further relief as this Court deems just and proper.

Plaintiff respectfully requests a Jury Trial.

CHRISTIAN & DAVIS
Attorneys at Law
Post Office Box 332
Greenville, South Carolina 29602
(864) 232-7363

Matthew W. Christian
S.C. Bar No.: 70516
Attorney for Plaintiff

Greenville, South Carolina
Date: _Jan. 4_____, 2016

22